### ZOLIEWSKI v. NEW YORK CENT. & H. R. R. CO.

(Superior Court of Buffalo, General Term. February 3, 1893.)

ACCIDENT AT RAILROAD CROSSINGS—CONTRIBUTORY NEGLIGENCE.

In an action for the death of plaintiff's intestate, who was run over by a locomotive while attempting to cross defendant's tracks at a city street crossing, there was evidence that the locomotive was running backward at great speed, at an early hour in the morning, when it was quite dark, without a light on its rear end, or without giving any signal of its approach; that deceased and a companion approached the crossing on foot, passed two tracks in safety, but deceased was struck while on the third track, and killed; and that, before entering on and before crossing each track, observations were made by them, but they saw and heard nothing of the locomotive. There was a conflict as to the distance objects could be seen, ranging from 3 to 200 feet. *Held,* that due care by the deceased was a question of fact, and was properly submitted to the jury.

Appeal from trial term.

Action by Agnes Zoliewski, as administratrix, against the New York Central & Hudson River Railroad Company. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, made on a case and exceptions, defendant appeals. Affirmed.

Argued before HATCH and WHITE, JJ.

Ashbel Green, (Charles A. Pooley, of counsel,) for appellant.

Edward T. Durand, (William Armstrong, of counsel,) for appellee.

HATCH, J. The evidence in this case tended to establish that the agents of defendant caused to be run, at a rapid rate of speed, backward, a locomotive engine over and upon its tracks crossing a public street in the city of Buffalo, at an early hour in the morning, when it was quite dark, without at the time exhibiting any light upon its rear end, or giving any signal by bell or whistle, or otherwise, of its approach, beyond the noise attendant upon its running. This authorized the court to submit, and the jury to find, negligence in the management and operation of the engine by defendant. It only remains to be seen if the deceased was guilty of any act of negligence upon his part. Upon this subject the evidence was to the effect that deceased, in company with another man, approached the crossing, with which he was familiar, on foot. Three tracks of defendant crossed the street. Two tracks were passed in safety; upon the third deceased was killed. Before enter-

ing upon and before crossing each track, observation was made. There was a conflict of testimony as to the distance objects could be discerned, ranging from 3 to 200 feet. The testimony of deceased's companion tended to show that both he and deceased looked and listened before attempting to cross the track upon which they were struck, saw nothing, and heard nothing from the engine. A man about three feet in front of deceased, passing along the street, in the same direction, testified that he first saw the engine when it was about 3 feet away, and, on cross-examination, that he first saw it 12 to 15 feet away. Other witnesses state that they saw deceased when struck, from a distance of 20 to 60 feet away, and that they could see the engine for that distance. Others testified that objects were visible 200 feet away. Upon this testimony the court submitted the question of due care upon deceased's part to the jury, whether he looked and listened for the engine, or whether, if he exercised due care, under all the circumstances, he ought to have seen the approaching engine. The charge was quite as favorable to defendant as it was entitled. No complaints were made or exceptions taken by its counsel thereto.

I think the case, under all the evidence, was properly submitted. The evidence justified the jury, as before observed, in finding absence of care by the defendant. Whether, under the existing darkness, deceased could distinguish the engine, or, if able to do that, he could distinguish its unlighted end, and determine upon the instant that it was about to cross the street, I think were questions for the jury. It is quite possible that, under the darkened light, an object could be discerned some feet away, but whether distinctly or not is not certain, or whether it was at the time stationary or in motion might be difficult of determination, while the deceased was required to act at once. It seems, therefore, that whether he acted as a prudent and careful person would act under the circumstances was a question of fact.

Criticism of the testimony by defendant was proper for the consideration of a jury, and is not improper here; yet, upon this record, the court would not be justified in disregarding it. An examination of the exceptions to the admission of testimony has been had, but no substantial error is found therein. The judgment and order appealed from are therefore affirmed, with costs.